STATE OF INDIANA *v.* BARGER.

[No. 268A24. Filed December 11, 1968. No petition for rehearing filed.]

*John J. Dillon*, Attorney General, *Richard V. Bennett*, Deputy Attorney General, for appellant.

*Robert W. Geddes, Smith and Jones*, of Indianapolis, for appellee.

COOPER, J.—This is an appeal from a judgment rendered in the Superior Court of Marion County, Room No. 7, against the State of Indiana on a money claim of wages

in the amount of $997.50. It appears from the record that the appellee, plaintiff below, was hired by the Indiana Department of Revenue as a Tax Examiner, for which position she was paid the salary of $315 per month for the performance of her duties.

Thereafter, on February 1, 1965, the appellee was promoted by the Commissioner of Revenue to the position of Supervisor of the Corporate Tax Section. The record reveals that there existed at the time of her promotion a vacancy in this job classification because of the resignation of the person who had previously held this position. After a brief indoctrination period, appellee assumed her new duties on February 15, 1965, and continued to perform the duties required as Supervisor of the Corporate Tax Division until May 30, 1965. The record reveals that the Commissioner of Revenue had represented to the plaintiff that the salary rate for the position of the Supervisor of the Corporate Tax Section was $600.00 per month, and that if appellee would assume this position and perform the duties of Supervisor of the Corporate Tax Section that she would be paid the salary of $600.00 per month. However, notwithstanding the fact that the plaintiff did perform the duties of Supervisor of the Corporate Tax Section from February 15, 1965, to May 30, 1965, she continued to receive as her salary only the sum of $315.00 per month which she had previously earned as a tax examiner.

This action was brought pursuant to Burns' Indiana Statutes, Sec. 4-1591 to recover the difference between the salary paid to appellee and that promised to her, for the period of February 15, 1965, to May 30, 1965.

After several dilatory pleas filed by the defendant were overruled, the defendant filed its answer to the complaint, and trial was had to the court with judgment being rendered for the plaintiff-appellee in the amount of $997.50.

Thereafter, the appellant filed its motion for a new trial which was overruled by the trial court. The only cause presented and argued in this court is whether the decision of the trial court is contrary to law. Under this assigned cause, we are of the opinion that the only question presented is whether the Commissioner of Revenue has the authority to promote one of his employees from one job classification to another then existing job classification, and obligate the State of Indiana to compensate that employee at the rate of pay established for the higher job classification.

We are of the opinion that the Commissioner has the right to promote employees within his department to higher positions, with higher salaries, whenever there is a vacancy to be filled and there is in existence a job classification and a previously established salary for such position.

Pursuant to Burns' Indiana Statutes, Sec. 64-2503, there is created an Indiana Revenue Board which has the following duty in relation to the Indiana Department of State Revenue as set out in Burns' Sec. 64-2505:

> *"The board shall organize the department in such manner as it may deem necessary for its most efficient operation.* In the exercise of such power the Board may assign to and transfer from any office hereby transferred to the department any duties, powers or functions transferred or otherwise granted to the department and may modify the official title by which such officer is designated" (our emphasis).

Burns' Indiana Statutes, Sec. 64-2506 provides in addition:

> "The board shall have authority to provide for the employment of a commissioner of revenue and such deputies and other employees with such department as it may deem necessary to the efficient operation thereof, *and with the approval of the budget committee, to fix the salaries or other compensation of said officers and employees"* (our emphasis).

The budget committee therefore, must approve the salary scales and other compensation of officers and employees in the Indiana Department of State Revenue. The budget committee takes its authority from Burns' Indiana Statutes, Sec. 60-413 (b):

".  .  . the annual compensation of all persons employed by agencies of the State shall be subject to the approval of the budget agency .  .  . the budget agency *shall establish classifications* and schedules for fixing compensation, salaries and wages of all classes and types of. employees of any state agency or state agencies, and any and all other such *classifications affecting compensation as the budget agency shall deem necessary or desirable. The classifications and schedules* thus established shall be filed in the office of the budget agency. Requests by an appointing authority for salary and wage adjustments or personal service payments coming within such classifications and schedules shall become effective when approved by, and upon the terms of approval fixed by, the budget agency" (emphasis ours).

As set forth above, the budget committee has the duty to establish classifications of employment and to fix salaries based upon their established classifications, of all persons employed by the various agencies of the State. The budget committee does not, however, have the authority to select the persons who shall fill such classifications, nor does it have the authority to determine who may be promoted within any of the agencies. Burns' Indiana Statutes, Sec. 64-2628(c) gives to the Commissioner (or director) of Revenue, the power to make appointments within his department. Said section of the statute reads in part as follows:

"(c) The director, with the approval of the governor, may appoint, as needed, such agents, clerks, stenographers, and other employees as may be necessary to efficiently administer said department, who shall serve under him, shall perform such duties as may be required, not inconsistent with this act, and are hereby authorized to act for the department as the director may prescribe and as provided herein."

It does not appear from the record in this case that the Governor was opposed to, or did not approve of the promotion of the appellee as made by the Director. The record in this case contains the following letter, written by the Commissioner of Revenue to the Director of the Department of Administration, concerning the work performed by the appellee:

"Dear Mr. Hatchett:

"Mrs. Judith Barger is leaving the employ of the State June 1. Since February 15 until the above date she has been the acting Supervisor of our Corporation Income Tax Division. The minimum salary for this position is $600.00 per month. Mrs. Barger during all this time has received $314 per month under a clerk's classification, a salary well below even the employees she has been supervising.

"She has performed her work well and conscientiously and therefore, in all fairness to the employee, I believe she should be reimbursed for the difference between her actual pay and the pay for the work she performed during this period of her employment. I, therefore, recommend that she receive a lump sum payment upon her termination, June 1, of $997.50, which represents the total difference between the salary she received, $315, and the salary of the position she held, $600, for a period of 3-1/2 months."

As the letter written by the Commissioner indicates, there was no question about the qualification of the appellee to fill the job to which she was promoted, nor was there any question as to the capable manner in which she performed the duties of her position. We are of the opinion that both in law and in equity the appellee is entitled to be paid for the services she rendered at the established rate of compensation for that job.

For all of the above and foregoing reasons, we are of the opinion that the decision rendered by the trial court was not contrary to law and should be affirmed.

Judgment affirmed.

Carson, C.J., Faulconer, J., concur.

Prime, J., dissents with opinion.

DISSENTING OPINION.

PRIME, J.—The Appellee was employed in the Indiana Department of Revenue as a Tax Examiner, receiving a salary of $315.00 per month. She performed the duties of this job classification from July 1, 1964, until February 1, 1965. On February 1, 1965, she began a two-week indoctrination period in preparation for the position of Supervisor of the Corporate Tax Section. The anticipated change in Appellee's employment occurred pursuant to an agreement between her and the Commissioner of Revenue; whereby the Commissioner requested the Appellee to assume the duties of a supervisor in return for a salary of $600.00 per month.

The introductory period ended February 15, 1965, at which time Appellee assumed her new role. She performed the duties of the classification from that date until May 30, 1965, during which time the State of Indiana continued to pay her at the old rate of pay rather than the new one.

Suit was brought on Appellee's claim against the State of Indiana in the Superior Court of Marion County, pursuant to Acts of 1889, ch. 128, § 1, p. 265; 1895, ch. 112, § 1, p. 231; Burns' Ind. Stat. § 3-3401 (1968 Repl.). A judgment of $997.50 was rendered in favor of Appellee, from which this appeal is taken. The qualification of Judith Barger to perform the duties of Supervisor is not in question, nor is the degree of competence in which she carried out those duties. The sole issue is authority of the Commissioner of Revenue to transfer an employee of his department from one existing job classification to another, and thereby obligate the State of Indiana to compensate that employee accordingly. We hold that the Commissioner does not possess such authority.

The Department of Revenue is governed by the Indiana Revenue Board, which

"shall have authority to provide for the employment of a commissioner of revenue and such deputies and other employees within such department as it may deem necessary to the efficient operation thereof and, with the approval of the budget committee, to fix the salaries or other compensation of said officers and employees." Acts of 1947, ch. 10, § 6, p. 49; Burns' Ind. Stat. § 64-2506.

The Budget Committee above referred to has been supplanted by the Budget Agency. Its relevant powers follows:

". . . the compensation of all persons employed by agencies of the state shall be subject to the approval of the budget agency. . . . the budget agency shall establish classifications and schedules for fixing compensation, salaries and wages of all classes and types of employees of any state agency or state agencies and any and all other such classifications affecting compensation as the budget agency shall deem necessary or desirable. The classifications and schedules thus established shall be filed in the office of the budget agency. Requests by an appointing authority for salary and wage adjustments of personal service payments coming within such classifications and schedules shall become effective when approved by, and upon the terms of approval fixed by, the budget agency." Acts of 1961, ch. 123; Burns' Ind. Stat. § 60-401(b).

The Commissioner is not given express statutory authority to fix compensation, nor is he empowered to shift personnel under his jurisdiction. However unwieldy this method of administration may appear, it is the system. The legislature must determine any changes, not this court.

"Nor does any statutory officer have authority to waive the rights of the state, nor can the state be estopped by such action, nor may laches be applied against the state in acting in its governmental capacity.

When the right to do a thing depends upon legislative authority, and the legislature has failed to authorize it, or has forbidden it, no amount of acquiescence, or consent, or approval of the doing of it by a ministerial officer, can create a right to do the thing which is unau-

thorized or forbidden." *State v. Roberts et al.* (1948), 226 Ind. 106, 78 N. E. 2d 440.

For the reasons herewith set out I dissent.

NOTE.—Reported in 242 N. E. 2d 529.